*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAULA GRIBBLE, Personal Representative of the
ESTATE OF MIRACLE JAMERSON,

        Plaintiff-Appellant,

v

CITY OF DETROIT, XHESJAN ZAIMI,
CHRISTOPHER BUSH, and LAMEAR DOWNES,

        Defendants-Appellees,

and

LONELL JOSHUA DIXON,

        Defendant.

UNPUBLISHED
January 14, 2026
12:16 PM

No. 370783
Wayne Circuit Court
LC No. 23-000109-NI

PAULA GRIBBLE, Personal Representative of the
ESTATE OF MIRACLE JAMERSON,

        Plaintiff-Appellee/Cross-Appellant,

v

CITY OF DETROIT, CHRISTOPHER BUSH, and
LAMEAR DOWNES,

        Defendants-Cross Appellees,

and

XHESJAN ZAIMI,

        Defendant-Appellant/Cross-Appellee,

No. 370803
Wayne Circuit Court
LC No. 23-000109-NI

-1-

and

LONELL JOSHUA DIXON,

        Defendant.

_____

Before: BOONSTRA, P.J., and O'BRIEN and YOUNG, JJ.

YOUNG, J. *(concurring in part and dissenting in part)*.

The trial court resolved that defendants were protected by governmental immunity in all but one claim—Zaimi's gross negligence. The majority reverses that judgment and because I would instead affirm, I dissent in part.

On appeal, defense counsel does not contest that Zaimi was grossly negligent. The only question is whether Zaimi's gross negligence was "the proximate cause of the injury or damage." MCL 691.1407(2)(c). The trial court found:

> Here, plaintiff presented evidence that defendant Zaimi's actions could have been the proximate cause of decedent's death in the motor vehicle accident. Plaintiff presented evidence that defendant Zaimi failed to activate the emergency lights and siren in the police vehicle, announcing that the vehicle was a police car, while he pursued codefendant Dixon's car. Additionally, defendant Dixon testified, "None of this would've happened if they had turned on the lights and then never would have chased me." Plaintiff's Exhibit 10, Dixon's deposition. The force investigations interoffice memo also stated, "Due to the low light in the neighborhood and 48236 (sic) was in a black semi marked vehicle, it is unclear if the occupants of the Saturn knew they were enforcement, at the time of the encounter. That's plaintiff's Exhibit 3, page 8. The third occupant of Dixon's vehicle, Christopher Ross-Thomas, reported to officers that he heard Mr. Dixon state they were being either chased or followed. Plaintiff presented evidence that defendant's failure to activate their emergency lights and sirens, while pursuing defendant Dixon's vehicle at a high rate of speed, was the proximate cause of the action—accident that resulted in the decedent's death, given the foreseeability and legal responsibility.

Reviewing the record de novo, I agree. To begin, I do not disagree with some of the observations in the majority opinion that stand for the general premise that the dashcam footage is not all that helpful to plaintiff on this issue. Nevertheless, Dixon testified, "None of this would've happened if they had turned on the lights and then never would have chased me." Dixon's deposition creates a question of fact as to what was the proximate cause of Jamerson's death. "[T]he existence of that factual question underscores the propriety of the trial court's refusal to decide the matter as a question of law." *Sieler v Dep't of Agriculture and Rural Dev*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367323); slip op at 15.

Because I would instead affirm the trial court on this issue, I dissent in part.


/s/ Adrienne N. Young